Evans J.
delivered the opinion of the Court.
The meaning of the advertisement was, that all those who had work done at the shop should be bound by the report of the negro as to the amount of the work done: and if the defendant had been one of the customers of this shop, and this fact had been proved satisfactorily, then it may be that, if he knew of the advertisement, his consent to be bound by it might be inferred. But even then some of my brethren think the evidence afforded by the book in this case is of very doubtful admissibility; but conceding that the book was evidence, it is only evidence against a customer at the shop of the amount of work done. The book cannot be evidence of both branches of the proposition—that the defendant was a customer, and that certain work had been done for him. This would make the statement of the negro (for the book is nothing more.) sufficient to charge every man who happened to know that Rogers had put up such advertisement in his shop. But the error which has arisen from this, might, if it stood alone, be remedied by a release oí the amount of the account from the verdict, which the plaintiff’s counsel offers to do. But it appears that the witness Gunning, in his cross examination, said he never owed Rogers thing. To *138 contradict him and thereby destroy his credit, the plaintiff was allowed to prove by Rogers’ account book, that the statement was fair. This book at most was only the declaration of a fact, which Rogers, if alive, was incompetent to prove, he being the plaintiffin the action. The book of a shop-keeper or tradesman is only allowed to prove the account sued for, and not any other fact which may arise collatterally in the case. But the entries in the book were not, of what Rogers knew himself, but of facts which he derived from the negro, that Gunning had had work done at the shop, and had therefore owed Rogers an account. From the report, it would seem there was much evidence besides this to falsify Gunning’s oath in the particular mentioned, but where incompetent evidence has been received, the case should in general be sent back for a new trial, as this Court cannot undertake to say on what evidence the jury decided.
The motion for a new trial must therefore be granted- and it is so ordered.